IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

MARK SAIKI,

    Petitioner,

v.                                                                                      Civ. No. 20-070 KG-JFR

PEOPLE OF NEW MEXICO,

    Respondent.

## ORDER TO SHOW CAUSE

This matter is before the Court on Petitioner Mark Saiki's Habeas Corpus Petition. (Doc. 1). Also before the Court is his Motion for Temporary Restraining Order (TRO Motion). (Doc. 2). Petitioner submitted those filings on January 27, 2021. At the time, he was a pretrial detainee at the Dona Ana County Detention Center (the "Jail"). The Petition and the TRO Motion seek an emergency order directing Petitioner's release from jail. (Doc. 2) at 2; *see also* (Doc. 1). However, the Jail's inmate locator website reflects that Petitioner was released from custody within a week after filing this case. *See* https://www.donaanacounty.org/searchinmates.

A released inmate can only obtain habeas relief where the alleged wrongdoing "has continuing collateral consequences." *Spencer v. Kemna*, 523 U.S. 1, 7 (1998). Unless the claims challenge an underlying conviction, the Court presumes no such consequences exist following a release, and the petitioner "bears the burden of demonstrating … actual collateral consequences." *United States v. Meyers*, 200 F.3d 715, 719 (10th Cir. 2000). The habeas claims here do not challenge the underlying conviction. The Petition and TRO Motion only challenge Petitioner's pretrial detention. Hence, Petitioner's claims appear to be moot. *See Boutwell v. Keating*, 399 F.3d 1203, 1209 (10th Cir. 2005) (habeas actions are only directed towards "immediate or speedier

release from confinement"). Petitioner must show cause why the Petition and TRO Motion are not moot within thirty (30) days of entry of this Order. If Petitioner fails to timely file a response that overcomes mootness, the Court will dismiss this action without further notice.

IT IS ORDERED that within thirty (30) days of entry of this Order, Petitioner must file a response showing cause, if any, why this habeas proceeding should not be dismissed as moot.

_____
UNITED STATES DISTRICT JUDGE