IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

MARK SAIKI,

    Petitioner,

v.                                                                        Civ. No. 21-070 KG-JFR

PEOPLE OF NEW MEXICO,

    Respondent.

## MEMORANDUM OPINION AND ORDER

This matter comes before the Court on Petitioner Mark Saiki's Post-Judgment Motion for Extension of Time. (Doc. 12) (Motion). Petitioner initiated the case by filing a 28 U.S.C. § 2241 habeas petition challenging his State pretrial detention. (Doc. 1). He was in custody following an arrest at the Camp Hope homeless shelter. This Court dismissed the Section 2241 petition as moot after Camp Hope dropped all charges, and Petitioner was released. (Doc. 8) (Dismissal Ruling). The Motion ostensibly seeks an extension of time to file a Fed. R. Civ. P. 60(b) motion. Such relief is prohibited by Fed. R. Civ. P. 6(b)(2). That rule provides: "A court must not extend the time to act under Rules ... 59(e) ... and 60(b)." Fed. R. Civ. P. 6(b)(2); *see also Allen v. Schmutzler*, 401 Fed. App'x 355, 357 n.3 (10th Cir. 2010) (courts are "prohibit[ed] from extending the time to file a motion for reconsideration under" Rules 59 or 60). Petitioner's request for extension is therefore denied.

The Motion also appears to raise substantive grounds for reconsideration under Rule 60(b). As relevant here, Rule 60(b) allows relief from a judgment in the event of: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence; or (3) fraud. *See* Fed. R. Civ. P. 60(1)-(3). Rule 60(b)(6) also contains a catchall clause for any other reason that

justifies relief. However, Rule 60(b)(6) relief is "extraordinary," "difficult to attain," and only "appropriate … when it offends justice to deny such relief." *Zurich North America v. Matrix Serv., Inc.,* 426 F.3d 1281, 1289, 1293 (10th Cir. 2005).

To the extent Petitioner intended to advance substantive arguments for reconsideration, none of them warrant relief under Rule 60(b). Petitioner argues:

(1) Court staff threatened him with arrest; refused to set a hearing; ordered him to leave; and refused to grant him a personal audience with a judge before the dismissal ruling was entered.[1] (Doc. 12) at 1-3.

(2) The Court ruled on mootness based on a written show-cause response and by taking judicial notice of the jail's inmate locator website, rather than by taking live evidence from Petitioner and/or jail administrators. *Id.* at 4.

(3) The Court never ruled on Petitioner's *in forma pauperis* motion. *Id.*

The Court considered and rejected the first two issues in its Dismissal Ruling, which is incorporated herein by reference. (Doc. 8). Rule 60(b) cannot be used to rehash issues that have already been addressed. *See Van Skiver v. United States,* 952 F.2d 1241, 1244 (10th Cir. 1991). As to the third issue, the docket reflects Petitioner never filed an *in forma pauperis* motion. To the extent it is still relevant, the Court will grant leave to proceed *in forma pauperis* in this habeas action.

The Motion also appears to allege the Clerk's Office engaged in conspiracy by not filing Petitioner's third show-cause response until after the Dismissal Ruling. Petitioner states he

---

[1] In the instant Motion, Petitioner admits he threatened to throw a chair through the intake window to "get before the Judge." (Doc. 12) at 2.

"mailed three motions, but only two were received." (Doc. 12) at 6. The third show-cause response was docketed on March 31, 2021, one week after dismissal. (Doc. 11) (Third Response). Having reviewed the Third Response, the Court finds it would not have changed the outcome in this case. The Third Response amplifies Petitioner's prior arguments regarding mootness, his right to a hearing, the use of judicial notice, and whether 42 U.S.C. § 1983 claims can be raised in a habeas proceeding. (Doc. 11) at 2-4. The Third Response raises one new argument – that the Order to Show Cause addressing mootness was not dated. This is controverted by the record. The Order to Show Cause was docketed in CM/ECF and contains the date of entry (February 5, 2021) at the top of each page. (Doc. 3). Hence, there are no grounds for reconsideration based on the Motion or the Third Response.

IT IS ORDERED that Petitioner's Motion for Extension of Time (Doc. 12) is denied, except that the Court grants leave to proceed *in forma pauperis* in this closed case.

_____
UNITED STATES DISTRICT JUDGE